**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Linda Noack-Wilson; et al., | ) | No. CV 08-692-PHX-JAT |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| The Perfect Health Insurance Company; et al., | ) | |
| Defendants. | ) | |

On May 12, 2008, the Court issued the following order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).
> In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092, 1094 (9th Cir. 1990); *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).
> Accordingly,
> **IT IS ORDERED** that by May 19, 2008, Defendants The Association of Franchise & Independent Distributors LLC and Spencer (as the parties asserting jurisdiction and therefore, with the burden of pleading jurisdiction, *see Industrial Tectonics*, 912 F.2d at 1092) shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be [remanded] for lack of federal subject matter jurisdiction. [footnote omitted]
> **IT IS FURTHER ORDERED** that Defendants are cautioned that they will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to assist Defendants in pleading jurisdiction. Therefore, if the amended notice of removal fails to plead federal subject matter jurisdiction, this case will be remanded without the Court sua sponte granting Defendants any further opportunities to amend.

Doc. #12.

1   On May 16, 2008, an amended notice of removal was filed by The Association of
2   Franchise & Independent Distributors LLC and Spencer which cured some, but not all,
3   defects in pleading jurisdiction.  Specifically, two of the cases cited above (*Belleville
4   Catering Co.* and *Johnson*[1]) hold that a limited liability company is the same as a partnership
5   and to plead jurisdiction a party must assert the citizenship of every member of the LLC.  In
6   this case, The Association of Franchise & Independent Distributors LLC claims to be
7   "incorporated" — which is incorrect because it is not a corporation — in Ohio with its sole
8   office in Ohio.  Doc. #13 at 2.  Such an allegation is insufficient to plead jurisdiction for an
9   LLC.
10   Accordingly, the Court having sua sponte given Defendants the opportunity to cure
11  the defects in their jurisdictional allegations, and having warned Defendants that the Court
12  would not undertake to explain multiple times how to plead jurisdiction, and the Notice of
13  Removal, as amended, still failing to sufficiently allege jurisdiction,
14  **IT IS ORDERED** remanding this case to state court for lack of federal subject matter
15  jurisdiction.
16  **IT IS FURTHER ORDERED** that this Order does not undertake to rule on the
17  pending motion to dismiss and such motion shall remain pending before the state court judge.
18  DATED this 19th day of May, 2008.

*[signature]*
James A. Teilborg
United States District Judge

---

[1] "We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899.